THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Elliott M. Mitchell, Appellant.
 
 
 

Appeal From Beaufort County
  J. Cordell Maddox, Jr., Circuit Court
Judge

Unpublished Opinion No.  2009-UP-083
 Submitted January 2, 2009  Filed February
12, 2009

AFFIRMED

 
 
 
 Chief Appellate Defender Joseph L. Savitz, III, of Columbia, for
 Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 Assistant Attorney General Deborah R.J. Shupe, all of Columbia; and
 Solicitor I. McDuffie  Stone, III, of Beaufort, for Respondent.
 
 
 

PER CURIAM: Elliott
 Mitchell appeals his conviction for trafficking ten to twenty-eight grams of
 crack cocaine.  Mitchell contends the crack cocaine was the product of his
 unlawful arrest for criminal domestic violence (CDV) and asserts the trial
 court erred in denying his motion to suppress.  We find that Mitchell was first
 lawfully detained by a Port Royal police officer within Port Royal city limits
 pursuant to a "be on the lookout" report originating from the
 neighboring city of Beaufort regarding a suspect in a CDV investigation;
 custody of Mitchell was then transferred to a Beaufort police officer for
 questioning while still in Port Royal.  We further find that, during
 questioning by the Beaufort police officer, probable cause to arrest Mitchell
 was developed.  See S.C. Code Ann. § 16-25-70(A) (Supp. 2008) (providing
 that a law enforcement officer may arrest a person without a warrant "at
 the person's place of residence or elsewhere if the officer has probable cause
 to believe that the person is committing or has freshly committed" an act
 of misdemeanor or felony CDV."); S.C. Code Ann. § 16-25-70(B) (Supp. 2008)
 (requiring an officer to arrest a suspect where the alleged victim presents
 physical manifestations of injury and the officer has probable cause to believe
 the suspect recently committed an act of CDV); S.C. Code Ann. §
 16-25-70(H)(1)(b) (Supp. 2008) (explaining evidence discovered as a result of a
 warrantless search, administered pursuant to a CDV complaint, is admissible if
 the evidence was found during a search incident to a lawful arrest for alleged
 CDV).  Accordingly, we affirm.
AFFIRMED.[1]
WILLIAMS,
PIEPER, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.